POMALES, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama.

No. 153.—Resuelto en octubre 20, 1913.

RECURSOS GUBERNATIVOS—TERCER RECURSO.—En este caso se presentó por tercera vez, acompañada de nuevos documentos, cierta escritura de venta de finca rústica para su inscripción en el registro, y el registrador volvió a negarse a inscribirla. Por tercera vez se acudió a este Tribunal Supremo y *se resolvió* que habiéndose presentado la escritura acompañada de nuevos documentos y habiendo el registrador apreciado el efecto de los mismos, podía esta corte entrar a considerar y a resolver en su fondo el recurso establecido.

HERENCIA YACENTE—INSCRIPCIÓN PREVIA A FAVOR DE LOS HEREDEROS.—Examinados los documentos presentados por el recurrente al registrador, *se resolvió* que no eran suficientes para demostrar que se trataba de una herencia yacente y que por tanto, este caso estaba comprendido en la excepción a la regla general que prescribe la previa inscripción de los bienes de la herencia a nombre de los herederos.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El registrador sustituto Sr. Luis Capó, compareció por escrito.

EL JUEZ ASOCIADO. SR. DEL TORO, emitió la opinión del tribunal.

En juicio seguido ante la Corte Municipal de Salinas por Maximino Pomales contra la sucesión de Pedro García, en cobro de la suma de $425 de que García era deudor al demandante, fué condenada al pago la expresada sucesión, y habiéndose librado orden al márshal de dicha corte para la ejecución de la sentencia, fué adjudicada al acreedor Pomales, en pública subasta celebrada el 15 de marzo de 1913, una finca rústica de 28 cuerdas por precio de $100, en pago parcial de la suma reclamada, otorgándosele en la misma fecha escritura de venta por el márshal ante el notario Domínguez Rubio.

Presentada dicha escritura para su inscripción en el registro, el registrador se negó a inscribirla por dos razones, siendo una de ellas la de "no aparecer inscrita la finca a nombre de la sucesión demandada."

Interpuesto recurso gubernativo contra la nota del registrador, fué resuelto por esta corte en 2 de junio de 1913 confirmando la nota recurrida por el motivo indicado. *Pomales v. El Registrador,* (pág. 637).

Presentada de nuevo la escritura de referencia en el registro, volvió el registrador a negar su inscripción, y apelada su nota, fué confirmada de igual modo por esta Corte Suprema, por resolución de 28 de junio de 1913. *Pomales v. El Registrador,* (pág. 947).

Presentada por tercera vez la repetida escritura en el registro acompañada de ciertos documentos tendentes según el recurrente a probar que la herencia del deudor García estaba yacente y que por tanto no era necesario inscribir la finca vendida a favor de sus herederos, el registrador también negó la inscripción por medio de la siguiente nota contra la cual se ha interpuesto el presente recurso gubernativo:

"Denegada la inscripción del precedente documento por el defecto de no aparecer inscrita la finca a nombre de la sucesión demandada,

pues no resulta de los documentos que se acompañan a éste, esté aún ·yacente la herencia de Don Pedro García, único caso en que pudiera evitarse esa previa inscripción. Guayama, agosto cinco de mil novecientos trece. El Registrador. Felipe Cuchí Arnau.''

Lo primero que debemos considerar es si podemos, atendidas las circunstancias de este caso, entrar o nó a resolver en su fondo el recurso establecido.

Si el mismo documento se hubiera presentado en el registro en las mismas condiciones en que se presentó la vez primera, es bien claro que no podríamos entrar a decidir en su fondo el recurso que está ahora sometido a nuestra consideración. Pero, como según aparece de la nota de presentación y de la negativa recurrida, la escritura en cuestión se presentó acompañada de otros documentos con el propósito de demostrar que el caso estaba comprendido en la excepción a la regla general que prescribe la previa inscripción a nombre de los herederos, han variado las circunstancias y, en tal virtud podemos y debemos resolver en su fondo el recurso establecido.

¿Demuestran los nuevos documentos presentados que se trata de un caso de herencia yacente? Veámoslo.

Dichos documentos son tres, a saber: 1, una certificación del secretario de la Corte Municipal de Salinas creditiva de que el juicio en cobro de dinero a que nos referimos al principio de esta opinión, se siguió por ''*Maximino Pomales Navarro, demandante, v. La Sucesión de Pedro García y Carmen Colón, su viuda,* que la componen sus hijos Inocencio, Vicenta, Fabiana, Silvestre, ·Bibiana por sí y como herederos de su hermano Lázaro, fallecido sin sucesión y la sucesión de Bernardo García y Colón que la componen sus hijos Julio, Juana, Gregoria y Gregorio García y Díaz, demandados;'' de que los dichos demandados fueran citados personalmente; de que se dictó contra ellos sentencia en rebeldía; de que se les notificó la sentencia por correo; de que se anunció la venta de la finca embargada por edictos, y de que los dichos demandados no hicieron en ningún momento gestión alguna en el

asunto; 2, una certificación del secretario de la corte de distrito, creditiva de no haberse promovido en dicha corte ningún expediente sobre declaratoria de herederos por ninguno de los individuos nombrados en el escrito pidiendo la certificación y que son los mismos que figuran como demandados en el pleito tramitado en el Juzgado Municipal de Salinas, y 3, una declaración jurada de Inocencio García, afirmando que ni él ni ninguno de sus hermanos han hecho gestión alguna para hacerse cargo de la herencia de su padre, muerto hacía unos siete años, ni de su madre, en atención a que a todos les constaba la certeza de la cuenta de Pomales, cuya cuantía excedía del valor de la finca.

Examinados, pues, los documentos presentados, es necesario concluir que no demuestran de modo concluyente la existencia del hecho que se pretendió probar con ellos. Al contrario, ponen de manifiesto que Pedro García, el deudor de Pomales, murió varios años antes de que se iniciara el pleito que dió origen a la escritura de 15 de marzo de 1913; que dejó al morir bienes consistentes por lo menos en la finca vendida; que nada se indica siquiera sobre la administración y disfrute de esa finca durante un período de unos siete años, debiendo presumirse en tal virtud que era administrada y disfrutada por sus herederos; que el acreedor esperó los dichos siete años para cobrar su deuda y dirigió entonces el procedimiento contra la Sucesión de García y no contra la herencia yacente, y que si bien no consta que los herederos de García hayan aceptado expresamente la herencia, tampoco consta que la hayan renunciado o repudiado en legal forma.

En su consecuencia el caso queda en las mismas condiciones que cuando vino por vez primera ante este Tribunal Supremo y debe continuar regido por los principios consignados en la opinión de esta corte emitida por el Juez Presidente Sr. Hernández el 2 de junio de 1913, *Pomales* v. *El Registrador,* (pág. 637), al resolver aquel recurso.

Procede declarar sin lugar el recurso y confirmar la nota recurrida.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

.El Juez Asociado Sr. MacLeary no tomó parte en la resoción de este caso.